UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Marcellus M. Mason, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE HOME FINANCE, LLC,<br>successor by merger to Chase Manhattan<br>Mortgage Corporation,<br><br>Defendant | Case No.: 2:09-cv-14370-CIV-Moore/Simonton<br><br>**PLAINTIFF'S MOTION TO AMEND** |



FILED by _____ D.C.

MAR 08 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

NOW COMES Plaintiff, MARCELLUS M. MASON, JR, and submits his **Plaintiff's Motion To Amend**. In support thereof, Plaintiff avers as follows:

1. Plaintiff requests that he be allowed to amend the lawsuit to add two counts for 'fraud on the court" in the state court action [GC04-41, Fla.10th Jud. Cir.] and a conversion claim for the theft of his home. Plaintiff currently has an independent action [GC09-1902, 10th Jud. Cir.] pending in state court for fraud on the court which Plaintiff will exercise his absolute right to dismiss and will dismiss so that the matter may be heard by one court, this court.

2. This court's jurisdiction was invoked in part to 28 U.S.C. § 1332, diversity of citizenship. (D.E. #17, ¶3). This court is empowered like a state court, to entertain an action for fraud on the court committed in a state court. See Securities Exchange Commission v. ESM Group Inc, 835 F2d 270 (11th Cir. 1988). In this case, the court cited DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984), for a definition of fraud on the court. In the instant matter, Plaintiff has already alleged 'fraud on the court" in his response to defendant's motion to dismiss. (D.E. #37, pg. 10)(" Chase's actions precluded the Plaintiff from participating in the legal process and guaranteed them a virtual default judgment. This is per se fraud on the court. See DeClaire v. Yohanan , 453 So. 2d 375, 377 (Fla. 1984) ("[E]xtrinsic fraud occurs where a defendant has

somehow been prevented from participating in a cause.")).)" Notably, since this is an action for fraud on the court, Rooker Feldman and res judicata have no bearing as it didn't in ESM, above. While the complaint in ESM was ultimately dismissed, itwas dismissed on the merits because the Plaintiff did not state a claim for extrinsic fraud.

3. In order to state a claim for intrinsic fraud, Plaintiff will state and indeed has already asserted enough allegations to support a claim which would include: (1)Plaintiff will assert that he relied to his detriment on Chase's so-called efforts at a good faith loan workout and did not file a defense, answer and affirmative defenses, conduct discovery, or otherwise participate in the lawsuit. See (D.E. #17, ¶¶17). (2)Plaintiff will also assert that because Chase failed to plead its purported January 1, 2005 default, Plaintiff, as a matter of law was precluded from defending in the action. (D.E. #17, ¶¶32-36).

4. The Florida Supreme Court "has defined extrinsic fraud as the prevention of an unsuccessful party [from] presenting his case, **by fraud or deception practiced by his adversary**; keeping the opponent away from court; **falsely promising a compromise**; ignorance of the adversary about the existence of the suit or the acts of the plaintiff;" Parker v. Parker, 950 So. 2d 388 (Fla. 2007). Given this definition, Plaintiff can easily state and prove "fraud on the court".

5. Plaintiff also seeks to add a claim for conversion of his home. Sufficient allegations have already been stated to make such a claim in the complaint.

Based upon the foregoing, Plaintiff requests leave to amend to add two counts for fraud on the court and single court for conversion of Plaintiff's home.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was transmitted via U.S. mail and/or e-mail, this 6th day of March, 2010, to:

Cory W. Eichhorn
Greenberg Traurig
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301

Marcellus Mason Jr.
214 Atterberry Drive
Sebring, FL 33870

_____
Dated this 6th day of March 2010.