IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14370-CIV-MOORE/SIMONTON

MARCELLUS M. MASON,

    Plaintiff,

vs.

CHASE HOME FINANCE, LLC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (dkt # 34).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves an individual who raises a number of claims against a bank arising from the bank's foreclosure of his home. On July 11, 1997, Plaintiff Marcellus Mason ("Mason") obtained a mortgage for a residential property.[1] The mortgage was eventually acquired by Defendant Chase Home Finance, LLC ("Chase"). In April of 2004, Chase notified Mason that he was in default. After a number of failed attempts to establish a repayment plan or to modify the loan, Chase and Mason agreed to forgo foreclosure and for Chase to accept $865.00 per month plus a lump sum payment of $5,261.73. A new repayment agreement was executed in January of 2005, and Mason sent Chase checks for $5,271.63 and $865.00. In February of 2005, Chase, without explanation, declared Mason in default and returned the check for $865.00. Chase did not return the check for

---

[1] The facts here are taken from the Complaint.

$5,261.73 at that time. Chase subsequently commenced a foreclosure action against Mason and was awarded a final judgment of foreclosure in November of 2005. Mason was evicted in February of 2006. Chase returned his payment of $5,261.73 in 2007.

Mason filed the Complaint (dkt # 1) in this action on November 2, 2009, and filed an Amended Complaint (dkt # 17) on January 19, 2010. The Amended Complaint includes 23 causes of action, including: breach of implied covenant of good faith and fair dealing (count 1); breach of contract (count 2); unjust enrichment (counts 3-5); promissory estoppel (count 6); conversion (counts 7-8); defamation (counts 9-12); violations of the Fair Credit Reporting Act (counts 13-17); violations of the Florida Deceptive and Unfair Trade Practices Act (counts 18-19); civil theft (counts 20-21); and violations of the Florida Consumer Collection Practices Act (counts 22-23).

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 355 U.S. 544, 545 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery

is very remote and unlikely.'" Conley v. Gibson, 355 U.S. 41, 45-46 (1957), *overruled on other grounds by* Twombly, 550 U.S. at 545-46 (citation omitted).

### III. ANALYSIS

#### A. Fair Credit Reporting Act

Mason alleges that Chase violated § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA") by refusing to report to Experian, Equifax, TransUnion and Innovis, that the foreclosure of Mason's property was disputed. Am. Compl. Counts 13-17. Section 1681s-2(b) provides:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the result of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> (ii) delete that item of information;
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b). In 2009, Mason disputed the accuracy of his credit reports with various consumer reporting agencies on grounds that the foreclosure of his home was a disputed action. Am. Compl. ¶¶ 38, 41, 52, 71. Upon investigation, each of the consumer reporting agencies notified Mason that they had investigated and received notification from Chase that the foreclosure action was not in dispute. Id. ¶¶ 38, 40, 52, 73. Mason alleges that Chase should have reported that the

3

foreclosure action was disputed because "Chase caused the default and subsequent foreclosure by disregarding the Repayment Agreement signed in December 2004." Id. ¶ 189.

The basis of Mason's claim that the foreclosure action is in dispute appears to be that the foreclosure was unfair or unwarranted. Nevertheless, an individual's disagreement with a legal determination does not place the binding outcome of the litigation in dispute. Chase brought the foreclosure action against Mason in the Circuit Court of the 10th Judicial District in and for Highlands County. See Chase Home Finance, LLC v. Mason, Case No. GC-04-418 (Fla. Cir. Ct. 10th Judicial Dist.). On November 30, 2005, the Court issued a Final Judgment, granting Chase's motion for summary judgment and ordering the sale of Mason's property. Id. (dkt # 43-1). On January 12, 2010, the Court entered an Order Denying Mason's Omnibus Motion and Defendant's Motion for Relief from Judgment, denying Mason's request for relief from judgment because the judgment was void or based on extrinsic fraud. Id. (dkt # 34-2).[2] These state court judgments in favor of Chase conclusively establish the legal relationship between Chase and Mason with respect to the foreclosure action at issue. The state court rendered judgment in favor of Chase, thereby declaring the legal rights of both Parties and binding the Parties accordingly. Therefore, Chase is under no obligation to report the foreclosure of Mason's residence as in dispute. Even taking Mason's allegations as true, his FCRA claims fail to state a claim for which relief can be granted.

Mason's FCRA claims were the only federal claims alleged and served as the basis for supplemental jurisdiction over the remaining state law claims. Given that the FCRA claims must be

---

[2] This Court takes judicial notice of these state court orders. See F. R. Evid. 201 (stating that a court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned"). There is no doubt here concerning the entry of these Orders by the state court or the contents of the Orders.

dismissed, this Court declines to exercise jurisdiction over the remaining claims. See 42 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (dkt # 34) is GRANTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record